PER CURIAM:
The Claimant brought this action for vehicle damage which occurred when the berm gave way beneath his 1999 Jeep Grand Cherokee on Shaver’s Fork Road, designated by the Respondent as County Route 6, in Randolph County. County Route 6 is a public road maintained by the Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred at approximately 5:00 p.m. on July 3,2009. County Route 6 is a gravel road that is between twelve and fourteen feet wide. The Claimant testified he and his two minor sons, who were passengers in the vehicle, were returning from a fishing trip. The Claimant noticed an oncoming vehicle and reduced his speed to less than twenty miles per hour. When he maneuvered his vehicle over onto the berm, the berm gave way. The Claimant’s vehicle rolled over the bank and came to rest on its top against a tree. Fortunately, the Claimant and his sons were not injured, but the vehicle was totaled. The Claimant stated that he was familiar with this road and could have stopped at a wide spot in the road that was located just prior to the area where the incident occurred. The Claimant *137 had liability insurance only. The Kelley Blue Book Value of the vehicle is $7,390.00.
The position of the Respondent is that it did not have actual or constructive notice of the condition on County Route 6. Raymond Yeager, Randolph County Administrator for the Respondent, testified that he is familiar with the area where the Claimant’s incident occurred. He stated that there have been other similar accidents where motorists have pulled too closely to the edge of the road on County Route 6. Mr. Yeager stated that the safest way for two vehicles to pass each other in this area is to wait until there is a wide spot in the road. Mr. Yeager stated that he did not see the accident occur. However, he did not believe the berm gave way as alleged by the Claimant because if it had, the vegetation in the area from which the Claimant’s vehicle rolled would have been disturbed.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, a Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court finds that the Respondent had, at the least, constructive notice of the condition of the berm on County Route 6. Since the Claimant needed to pull over to the side of the road due to an oncoming vehicle and the berm created a hazard to the traveling public, the Court finds the Respondent negligent. Notwithstanding the negligence of the Respondent, the Court is also of the opinion that the Claimant was twenty-five (25%) percent negligent in failing to pull over at a wide spot in the road. Since the negligence of the Claimant is not greater than or equal to the negligence of the Respondent, the Claimant may recover seventy-five (75%) percent of the loss sustained, which amounts to $5,542.50.
In view of the foregoing, the Court is of the opinion to malee an award in the amount of $5,542.50.
Award of $5,542.50.